EDWARDS, Judge.
This is a suit for damages allegedly sustained in an automobile accident which occurred on August 14, 1973. Prior to trial, two of the plaintiffs, Jerry Doman-gue, Jr. and Kathy Neil Domangue, entered into a compromise settlement with the defendants, and their claims were dismissed. At trial, the only issue was the amount of damages of the third and remaining plaintiff, Florence Domangue.
Inasmuch as defendants stipulated to their liability, the only question presented in this appeal is whether the trial court erred in awarding damages. Determinative of that issue is whether the plaintiff proved by a preponderance of the evidence her damages and that these damages resulted from the accident in question.
At the time of the accident, Mrs. Domangue was recovering from a right *310 nephrectomy (removal of the right kidney) that she had undergone in April 1973. She testified that, although there had been some soreness in the area of the incision prior to the accident, subsequent thereto the pain increased markedly, causing her to double the frequency of her regularly scheduled visits to Dr. Dugas, who performed the operation. She further testified that the pain, though intermittent in intensity — some days being worse than others' — > had continued to the date of trial, over a year from the date of the accident. When the pain is severe, she cannot do housework and has trouble sleeping at night.
Jerry Domangue, Sr., plaintiff’s husband, stated that his wife has complained almost daily of pain in the incision since the accident. He testified that he has had to do most of the housework since the accident, that Mrs. Domangue’s difficulty in sleeping keeps him awake at night, and that she has much trouble in mounting and descending the stairs to their second-story apartment.
Dr. Roy Dugas, qualified as an expert in urology, stated through deposition that prior to the accident Mrs. Domangue was recovering normally and without problem from the operation. Mrs. Domangue first complained of the increased pain in the incisional area to Dr. Dugas on September 6, 1973, her second visit to him following the accident and some three weeks later. Despite the fact of this delay in the reported onset of the pain, Dr. Dugas stated that it was highly probable that her pain and symptoms (the objective symptoms being a bulging of the skin around the incision) were caused by the accident.
The factual findings of the trial court are entitled to great weight. Canter v. Koehring, 283 So.2d 716 (La. 1973). The testimony of Mrs. Domangue, corroborated by her husband, together with the deposition of Dr. Dugas, amply allow the reasonable inference that the trauma of the automobile accident precipitated the closely-following and exacerbated condition in the area of the healing incision. Moreover, this condition persisted until the time of trial, over a year after the accident, with no immediate prospect of relief. We find the $8,286.00 award to the plaintiff to be within the discretion of the trial court.
For the foregoing reasons, the judgment of the trial court is affirmed at appellants’ cost.
AFFIRMED.